UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS OF BESTWALL LLC, | : |
| Appellant, | : |
| v. | : Civil Action No. 19-00396 (RJC) |
| BESTWALL LLC, | : |
| Appellee. | : |
| In re | : |
| BESTWALL LLC, | : Case No. 17-31795 (LTB) |
| Debtor. | : |

**GEORGIA-PACIFIC LLC'S RESPONSE IN OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS
FOR LEAVE TO APPEAL ORDER DENYING DISMISSAL**

Georgia-Pacific LLC ("New GP"), by and through its undersigned counsel, respectfully submits this response to the motion (Bankr. Docket No. 918) (the "Motion") of the Official Committee of Asbestos Claimants (the "ACC") for leave to appeal the decision of the Bankruptcy Court declining to dismiss Bestwall's chapter 11 case as filed in bad faith.[1] In support of this response, New GP states as follows.

---

[1] The decision subject to this requested appeal is the *Memorandum Opinion and Order Denying the Official Committee of Asbestos Claimants' Motion for Dismissal, or Alternatively, Venue Transfer* (Bankr. Docket No. 891), which is referred to herein as the "Order."

## BACKGROUND

As described in more detail in the Debtor's opposition, New GP and Bestwall LLC, the Debtor, were both formed when a predecessor entity also named Georgia-Pacific LLC ("Old GP") undertook a corporate restructuring on July 31, 2017 (the "2017 Corporate Restructuring") under the Texas divisional merger statute, codified at Sections 10.001-10.010 of the Texas Business Organizations Code ("TBOC"). Order at *3. As a result of the 2017 Corporate Restructuring, and in accordance with Sections 1.002(55)(A) and 10.008(a)(3) of the TBOC and Old GP's Plan of Divisional Merger, dated July 31, 2017, Bestwall was allocated certain assets and liabilities of Old GP, including certain of Old GP's assets related to the historical Bestwall Gypsum business and all of Old GP's asbestos-related liabilities (except for those liabilities for which the exclusive remedy is provided under a workers' compensation statute or similar laws). *Id.* New GP was allocated the remaining assets and liabilities of Old GP. *Id.* at 10. Relatedly, the Debtor is obligated to indemnify New GP for any loses suffered in relation to any Bestwall Asbestos Claims. *See In re Bestwall LLC*, 606 B.R. 243, 255 (Bankr. W.D.N.C. 2019) (finding that "the Debtor (a) has a contractual obligation to indemnify New GP in the event that New GP is held liable for any Bestwall Asbestos Claims and (b) may have common-law indemnification obligations to other Protected Parties.").

As part of the 2017 Corporate Restructuring, New GP also became party to a funding agreement with Bestwall (the "Funding Agreement"). Order at 3. The Funding Agreement requires New GP, without any corresponding repayment obligation by Bestwall, to provide the funding for a section 524(g) asbestos trust in the amount required by a confirmed plan of reorganization for Bestwall to the extent that Bestwall's assets are insufficient to provide the requisite trust funding. *Id.* The Funding Agreement and the 2017 Corporate Restructuring were

designed to ensure that the Debtor had the same ability to fund the costs of defending and resolving present and future asbestos claims as Old GP.

New GP and the Debtor are also parties to other contracts under which New GP provides services and seconds employees to Bestwall.  As a result of the foregoing, New GP is a creditor and party in interest that has a pecuniary interest in this chapter 11 case and statutory standing under section 1109 of the Bankruptcy Code.  11 U.S.C. § 1109(b) (providing that "a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

New GP has been an active participant throughout the chapter 11 case.  In addition to briefing and arguing the ACC's motion to dismiss the case and being granted the right to intervene and fully participate in the preliminary injunction adversary proceeding, New GP also has been intimately involved in settlement negotiations and discovery.  More specifically, since the Debtor's chapter 11 filing, New GP has actively engaged in negotiations and participated in multiple settlement discussions, including three in-person meetings, with the ACC, the FCR and the Debtor to explore the prospects for achieving a consensual plan of reorganization.  *See Declaration of Gregory M. Gordon,* Bankr. Docket No. 641 at 5.  In addition, New GP also has assisted the Debtor in promptly responding to extensive informal requests for discovery from the ACC and the Future Claims Representative by producing over 195,052 pages of historical corporate records, transaction documents, financial statements, certain documents from the Debtor's litigation files and other documents, including all of the core documents concerning the 2017 Corporate Restructuring.  *Id*. at 3.  Lastly, New GP will be participating in the court ordered mediation that is expected to commence shortly.  *See* Tr. of October 23, 2019 Hr'g at

70:8-17 (Bankruptcy Court noting that all parties agree that New GP should participate in the mediation).

New GP remains committed to assisting Bestwall to achieve a prompt reorganization and stands ready, willing and able to honor its obligations under the Funding Agreement to fund a chapter 11 plan that is confirmed by the Bankruptcy Court pursuant to section 524(g) of the Bankruptcy Code. New GP agrees with, and incorporates herein, each of the arguments set forth in the Debtor's opposition and submits this response to highlight several important points in opposition to the Motion.

## ARGUMENT

New GP hereby joins and incorporates herein all of the factual assertions and legal arguments set forth by the Debtor in its opposition to the Motion. The Debtor correctly asserts that the Order is not a final order and fails to meet any of the three requirements for interlocutory appellate review. Therefore the Motion should be denied.

I.     The Order Is Not A Final Order

An order denying a motion to dismiss a chapter 11 case is not a final order, and the ACC has failed to cite any authority to the contrary. Indeed, the Supreme Court has given unambiguous guidance that only orders that "finally dispose of discrete disputes within the larger case" are final orders that may be immediately appealed. *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1692 (2015) (quoting *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)). In *Bullard*, the Supreme Court explicitly noted that "only plan confirmation— *or case dismissal*—alters the status quo and fixes the rights and obligations of the parties." *Id.* (emphasis added). The ACC argues to the contrary in reliance on *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013), a case involving denial of plan confirmation and not of a motion

to dismiss. But this reliance (even by analogy) is misplaced because the ACC fails to acknowledge that *Bullard* overruled *Mort Ranta*. As a result, the ACC is left with no support cited for its argument that an order denying case dismissal constitutes a final order.

Contrary to the discredited and inapplicable *Mort Ranta* outlier on which the ACC hangs its hat, Fourth Circuit case law supports the argument that the Order is not a final order. *See, e.g.*, *Culver v. Molinario*, 67 F.3d 294 (Table), 1995 WL 570437, at *1 (4th Cir. 1995) (holding that an order denying a motion to dismiss a chapter 7 bankruptcy case is not a final order because "it does not resolve the litigation, decide the merits, settle liability, establish damages, or even determine the rights of any party to [the] bankruptcy case"); *Comm 2013 CCRE 12 Crossings Mall Ltd v. Tara Retail Group, LLC*, 2017 U.S. Dist. LEXIS 101987, *10 (N.D. W. Va. June 30, 2017) (holding that denial of creditor's motion to dismiss is not a final order subject to appeal because the denial did not result in anything in the case being finally determined).[2]

The Order, which denied the ACC's motion to dismiss the Debtor's chapter 11 case, has relevant similarities to the order entered in *Tara Retail*. Like the *Tara Retail* order, the Order entered below is not final because it does not finally resolve any discrete issue in the *Bestwall* case or result in the case's conclusion. In fact, upon entry of the Order, nothing in the chapter 11 case changed. Rather, the Bankruptcy Court's decision not to dismiss the chapter 11 cases simply allowed the case to proceed forward towards mediation, and hopefully confirmation of a section 524(g) plan. *See Tara Retail Group,* 2017 U.S. Dist. LEXIS 101987, at *10 (explaining that "nothing in this case has been finally determined except that, at least for the present time, [the debtor] will be permitted to continue with its bankruptcy proceeding."). In fact,

---

[2] The majority of the Circuit Courts to consider the question have likewise held that the denial of a motion to dismiss a chapter 11 (or chapter 13) case is interlocutory, not final. *See In re Lane*, 591 B.R. 298, 303 (6th Cir. BAP 2018); *In re Jartran*, 886 F.2d 859, 863-64 (7th Cir. 1989); *In re 405 N. Bedford Dr. Corp*., 778 F.2d 1374, 1379 (9th Cir. 1985); *In re Comm. of Asbestos-Related Litigants*, 749 F.2d 3, 5 (2d Cir. 1984).

circumstances changed so little that the ACC filed a *new* motion to dismiss the chapter 11 less than a month after the entry of the Order, and this second motion to dismiss remains pending. *Motion of the Official Committee of Asbestos Claimants (I) to Dismiss the Debtors Chapter 11 Case for Cause Pursuant to 11 U.S.C. Sec. 1112(b), or Alternatively, (II) to Set a Deadline (A) by Which the Debtor Must Confirm a Chapter 11 Plan or (B) to Lift the Preliminary Injunction in Favor of New GP and the Protected Parties*, Bankr. Docket No. 938.

Because the Order did not resolve any issues in this case, it is neither final nor appealable as of right. Rather, the Bankruptcy Court will continue to administer the chapter 11 case, and the rights of the ACC's constituents remain to be determined. To that end, the Bankruptcy Court already has found that the case serves a "valid reorganizational purpose," *See* Order at *5; and that "[a]ny liabilities will be resolved and channeled only if Bestwall succeeds in confirming a plan of reorganization that contains a channeling injunction that extends to those Protected Parties." *In re Bestwall LLC*, 606 B.R. at 58.

II. <u>The Court Should Not Grant Leave To Appeal From The Order</u>

New GP also respectfully submits that there is no basis to grant the ACC's fallback request for leave to pursue an interlocutory appeal. To determine whether to grant an interlocutory appeal under 28 U.S.C. § 158(a), the ACC concedes that the Fourth Circuit uses the three-part test from 28 U.S.C. § 1292(b), which requires that (a) the appeal involves a controlling question of law, (b) as to which there is substantial ground for difference of opinion ***and*** (c) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). *See also Biltmore Invs., Ltd. v. TD Bank, N.A. (In re Biltmore Invs., Ltd.*), 538 B.R. 706, 710-11 (W.D.N.C. 2015). The statute requires that the requested

appeal meet all three requirements. The ACC has failed to establish *any* of them, and therefore leave to appeal should not be granted.[3]

Regarding prong (a), the ACC argues in the Motion that the two-prong test for dismissing a bankruptcy case set forth in *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989) is in conflict with other circuit court decisions and that "taking the interlocutory appeal will permit the Committee to address the circuit split directly to and ultimately with the Fourth Circuit promptly and efficiently." Motion at 19. However, that does not constitute a dispute regarding a question of law, because the ACC frankly admits that the Bankruptcy Court applied the correct governing legal standard. *Id*. at 18 (stating that "[t]he Committee concedes that the bankruptcy court was obligated to follow *Carolin Corp*., and the standard raised therein, when deciding the issues raised in the Motion to Dismiss"). In addition, only the Fourth Circuit, sitting *en banc*, could reconsider and modify the clear and controlling precedent set by *Carolin* 30 years ago. Therefore, the Order does not address a question involving a discrete question of law that is appropriate for an interlocutory appeal.

With respect to prong (b), the ACC's citations to other circuits likewise do not satisfy the requirement that the order being appealed involve "substantial ground for difference of opinion." As noted earlier, the ACC concedes that *Carolin* is controlling law in the Fourth Circuit. The fact that other circuits have differing views has no bearing on the Bankruptcy Court's determination as to whether it properly applied applicable law. "[A] controlling question of law

---

[3] Moreover, "even if the requirements of section 1292(b) are satisfied, the district court has 'unfettered discretion' to decline [to hear an interlocutory appeal] if exceptional circumstances are absent. Appellants must establish that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Lemberg Law, LLC v. Arrowsmith (In re Health Diagnostic Lab. Inc.)*, 2017 WL 2129849 at *3 (E.D. Va. May 16, 2017) (internal citations omitted). *See also Spinozzi v. LendingTree, LLC*, No. 3:08-md-1976-FDW, 2009 WL 1259351, at *1 (W.D.N.C. May 5, 2009) (noting that "Section 1292(b) clearly places the burden of persuasion upon the movant to demonstrate exceptional circumstances justifying a departure from the final judgment policy") (internal quotations omitted).

involves a 'substantial ground for difference of opinion' *only when the law remains unclear in the controlling jurisdiction* and other courts have issued conflicting decisions." *Tara Retail*, 2017 U.S. Dist. LEXIS 101987 at *12 (emphasis added); *In re Health Diagnostic Lab., Inc.*, 2017 WL 2129849 at *4 ("A ground for dispute is substantial where, for example, the controlling circuit has made no comment on conflicting opinions among the various circuits ... or where the dispute raises a novel and difficult issue of first impression"). Thus, the fact that the ACC concedes that there is controlling Fourth Circuit law effectively constitutes an admission that the second prong is lacking.[4]

Lastly, the ACC is wrong that an appeal of the Order will materially advance this case. That argument already failed to convince the Fourth Circuit to accept a direct appeal of this matter pursuant to 28 U.S.C. § 158(d)(2)(A). As discussed in the Debtor's objection, the only scenario under which the ACC could even conceivably obtain its requested relief to change the relevant bad faith dismissal standard in this Circuit would require multiple appellate events to occur, and only then would the dispute be remanded to the Bankruptcy Court to apply any new dismissal standard that may be established to the existing factual record. Thus, the ACC has failed to satisfy any of the requirements for leave to pursue an interlocutory appeal.[5]

---

[4] The ACC is also incorrect that "an interlocutory appeal is appropriate in those instances where cases in which the parties earnestly dispute the law." Motion at 18 [sic]. The ACC fails to quote the full language from the KPMG case which explicitly notes that "[i]n the interest of judicial economy, it is appropriate that district courts not deem the second element satisfied whenever parties disagree as to a Bankruptcy Court's interlocutory order, but rather only where substantial ground for disagreement exists as to the controlling issues of law that informed the order." *KPMG Peat Marwick LLP v. Estate of Nelco, Ltd.,* 250 B.R. 74, 79 (E.D.Va. 2000). In denying the request for interlocutory appeal, the court explained that "[a]lthough KPMG expounds at length as to the supposed mistakes of the Bankruptcy Court, an interlocutory appeal will lie only if a difference of opinion exists *between courts* on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law." *Id.* at 82 (emphasis in original).

[5] The ACC's Motion is chock full of irrelevant rhetoric regarding the 2017 Corporate Restructuring and the preliminary injunction granted in favor of New GP. To the extent that the ACC believes that an appeal of the preliminary injunction order is appropriate, it may seek to pursue such an appeal, but that is not relevant as to whether to grant an interlocutory appeal of the Order.

## **CONCLUSION**

For the reasons set forth in the Debtor's objection and herein, the ACC has failed to show that the Order is a final order or that the Order satisfies any of the three requirements for interlocutory appellate review as set forth in 28 U.S.C. § 1292(b) and, accordingly, the Court should deny the ACC leave to appeal the Order.

This the 2nd day of December, 2019

/s/ John R. Miller, Jr.
John R. Miller, Jr. (NC 28689)
James B. Gatehouse (NC 22811)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
Telephone: (704) 334-0891
Facsimile: (704) 377-1897
E-mail: jmiller@rcdlaw.net
bgatehouse@rcdlaw.net


/s/ M. Natasha Labovitz
M. Natasha Labovitz (NY 2813251)
Mark P. Goodman (NY 2207884)
(admitted pro hac vice)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
E-mail: nlabovitz@debevoise.com
mpgoodman@debevoise.com

ATTORNEYS FOR GEORGIA-PACIFIC LLC