UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00396-RJC

| | |
|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS, ) ) ) Appellant, ) ) v. ) ) BESTWALL LLC, ) ) Appellee. ) _____ ) ) IN RE BESTWALL LLC, ) ) Debtor. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Motion of the Official Committee of Asbestos Claimants for Leave to Appeal the Order Denying Dismissal (the "Motion for Leave") (Doc. No. 2) and the Motion of Debtor Bestwall LLC for Leave to File Statement Regarding the Official Committee of Asbestos Claimants' Change in Position of Finality of Appealed Order (Doc. No. 14). The Court has reviewed the Motions and related filings, record, and applicable authority. For the reasons stated herein the Motion for Leave to Appeal is **DENIED**. The Motion of Debtor Bestwall LLC for Leave to File Statement Regarding the Official Committee of Asbestos Claimants' Change in Position of Finality of Appealed Order is **DENIED as moot**.

I. BACKGROUND

A. The Debtor

The Debtor Bestwall LLC (the "Debtor") was formed on July 31, 2017, as a result of a corporate restructuring of Georgia-Pacific LLC. Bankruptcy Case No. 17-31795, Doc. No. 651 ¶¶

6, 13. Prior to July 2017, the Debtor's predecessor underwent various corporate changes from its inception in 1927, eventually resulting in the Georgia-Pacific LLC, a wholly-owned subsidiary of Georgia-Pacific Holdings, LLC (from its inception in 1927 to July 31, 2017 referred to herein as "Old GP"). *Id.* ¶ 5.

In 1965, Old GP acquired Bestwall Gypsum Company. *Id.* ¶¶ 12, 22. Bestwall Gypsum Company manufactured certain asbestos-containing products and Old GP continued to manufacture and sell those products following acquisition. *Id.* ¶¶ 22-23. Old GP had a decades-long history of asbestos litigation derived from its acquisition of Bestwall Gypsum Company and its asbestos-containing products. *Id.*

As a result of the asbestos litigation, on July 31, 2017, Old GP underwent a corporate restructuring in which Old GP ceased to exist and two new entities were created. *Id.* ¶ 6, 13. The restructuring occurred by way of a series of transactions that included, among others, Old GP converting to a Texas limited liability company. *Id.* ¶ 14. Then, Old GP effected a divisional merger under a Texas merger statute[1] which allows a single Texas entity to "merge" into two or more entities. *Id.* The divisional merger was accomplished by way of a Plan of Merger. *Id.* Pursuant to the Plan of Merger, the Old GP ceased to exist, and two new entities were created, each a direct wholly owned subsidiary of Georgia-Pacific Holdings, LLC, as follows:

> (1) A limited liability company which ultimately became Bestwall LLC, the Debtor, that received certain assets and liabilities of Old GP, including (a) Old GP's asbestos liabilities; and (b) certain other assets, including three bank accounts with approximately $32 million in cash, all contracts of Old GP related to its asbestos-related litigation, real estate in Mt. Holly, North Carolina, and all equity interests in a non-debtor projected to generate annual cash flow of $18 million starting in 2019, and valued at approximately $145 million. *Id.* ¶¶ 14-16.

> (2) The new Georgia-Pacific LLC which received all other assets and liabilities of Old GP (the "New GP"). *Id.* ¶¶ 14-15.

---

[1] *See* Tex. Bus. Orgs. Code § 1.002(55)(A).

As part of the restructuring, the Debtor became the payee to a Funding Agreement with New GP, under which the Debtor is entitled, to the extent its assets are insufficient, to funding for all costs and expenses the Debtor incurs in the normal course of its business and the funding of a section 524(g) asbestos trust, without any corresponding repayment obligation by Debtor. *Id.* ¶¶14-17; Bankr. Doc. No. 641 ¶ 7, Ex. A.

Thereafter, on November 2, 2017, the Debtor filed a Chapter 11 bankruptcy case in this District to resolve the asbestos-related claims. Bankr. Doc. No. 1. As of September 30, 2017, there were approximately 64,000 asbestos-related claims pending against the Debtor, including approximately 22,000 that were being actively litigated and approximately 13,300 claims pending on inactive dockets, with thousands more anticipated in the future. Bankr. Doc. No. 651 ¶¶ 23, 29.

### B. Procedural Background

As noted, on November 2, 2017, Debtor filed a Chapter 11 bankruptcy case in this District for the purpose of resolving asbestos-related claims against it by way of a trust under section 524(g) of the Bankruptcy Code. Bankr. Doc. Nos. 1 & 12 at 8. The Bankruptcy Court approved the appointment of an Official Committee of Asbestos Claimants to represent asbestos claimants' interests (the "Committee"). Bankr. Doc. No. 97.

On August 15, 2018, the Committee filed a motion to dismiss requesting that the Bankruptcy Court either dismiss the Debtor's bankruptcy case as a bad faith filing pursuant to 11 U.S.C. § 1112(b), or in the alternative, transfer venue (the "Committee's Motion to Dismiss or Transfer Venue"). Bankr. Doc. No. 495. Ultimately, the Bankruptcy Court denied the Committee's Motion to Dismiss or Transfer Venue ("Bankruptcy Court's Denial Order"). Bankr. No. 891. In so doing, the Bankruptcy Court applied the two-prong test used in the Fourth Circuit

for considering such motions, as adopted in *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989). Doc. No. 1-1 at 4-7. The two-prong test requires the party moving for dismissal to show both (1) objective futility of any possible reorganization; and (2) subjective bad faith. *Carolin Corp.*, 886 F.2d at 700-01; Doc. No. 1-1 at 4-5. Applying *Carolin*, the Bankruptcy Court concluded that the Debtor's bankruptcy case is not objectively futile and denied the motion to dismiss. Doc. No. 1-1 at 4-7. Because the Bankruptcy Court found the Debtor's bankruptcy case is not objectively futile, the Bankruptcy Court did not consider subjective bad faith. *Id.* at 7.

The Committee appealed the Bankruptcy Court's Denial Order. Doc. No. 1. The Committee also filed a request for certification of a direct appeal of the Bankruptcy Court's Denial Order to the Fourth Circuit Court of Appeals. Bankr. Doc. No. 920. The Bankruptcy Court certified for direct appeal to the Fourth Circuit the Committee's appeal of the Bankruptcy Court's Denial Order. Bankr. Doc. No. 987. However, the Fourth Circuit denied the Committee's petition for direct appeal to the Court of Appeals. Bankr. Doc. No. 1827.

Now, the Committee's appeal is pending before this Court.[2] The Committee asserts that the Bankruptcy Court's Denial Order is a final, appealable order. Bankr. Doc. 918; Doc. No. 2. In the alternative, the Committee seeks leave to appeal the Bankruptcy Court's Denial Order. Bankr. Doc. No. 918; Doc. No. 2.

## II. DISCUSSION

### A. The Bankruptcy Court's Denial Order is Not a Final Order

This Court has jurisdiction over "final judgments, orders, and decrees . . . and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a).

---

[2] Due to an unknown error, the Fourth Circuit's order denying the Committee's petition for direct appeal was not docketed with this Court causing this case to remain in appeal status and a delay in the Court's ruling on the Committee's Motion for Leave to Appeal.

Bankruptcy cases involve "an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankruptcy status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). On the other hand, the list of contested matters and controversies in a bankruptcy case is "endless." *Id.* at 505. Thus, courts take a pragmatic view of finality in bankruptcy cases and orders in bankruptcy cases "may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.*; *In re Comput. Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (citation omitted). The finality of a bankruptcy order is determined by whether it "alters the status quo and fixes the rights and obligations of the parties" as opposed to when the "parties' rights and obligations remain unsettled." *Bullard*, 575 U.S. at 502-03.

The Committee first argues that the Bankruptcy Court's Denial Order is a final order subject to appeal pursuant to 28 U.S.C. § 158(a)(1). The Court disagrees. The Bankruptcy Court's Denial Order, among other things, denied the Committee's motion to dismiss the Debtor's bankruptcy case as a bad faith filing pursuant to 11 U.S.C. § 1112(b). The Bankruptcy Court's Denial Order did not alter the status quo or fix the rights and obligations of any party. It did not determine any claims or rights of the Committee, nor did it dismiss the bankruptcy proceeding or otherwise dispose of any discrete disputes within the bankruptcy case. Rather, the Bankruptcy Court's Denial Order simply allowed the Debtor's bankruptcy proceeding to continue, and the parties and claimants' rights and obligations remained the same.

The Committee relies on *Mort Ranta v. Gorman*, in which the Fourth Circuit concluded a bankruptcy court's denial of plan confirmation was a final order despite the bankruptcy case not being dismissed. *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). However, *Mort Ranta* was decided before *Bullard*, wherein the Supreme Court held that a bankruptcy court's denial of

plan confirmation without prejudice and without dismissal is not a final order. *Bullard*, 575 U.S. 496. Therefore, the Court applies the reasoning from *Bullard*, as discussed above.

In any event, the Court finds *McDow v. Dudley*, more instructive here. 662 F.3d 284 (4th Cir. 2011). In *McDow*, the Fourth Circuit concluded that a bankruptcy court's order was final where it denied the United States Trustee's motion to dismiss a Chapter 7 bankruptcy case as abusive under 11 U.S.C. § 707(b). *Id.* at 288-91. In reaching this conclusion, the Fourth Circuit analyzed the language and congressional intent behind § 707(b) specifically. The Court of Appeals distinguished the motion to dismiss under § 707(b), at issue in *McDow*, from a motion to dismiss under § 1112(b), at issue here. It explained:

> These new provisions manifest a congressional policy to police all Chapter 7 cases for abuse at the outset of a Chapter 7 proceeding, and they raise pragmatic considerations that indicate that the denial of a § 707(b) motion to dismiss is different from the denial of other motions to dismiss, such as those filed under Federal Rule of Civil Procedure 12(b) or 11 U.S.C. § 1112(b)(1)-(4). Section 707(b) requires that the U.S. Trustee apply the means test to Chapter 7 cases within a short time frame and, if the means test creates a presumption of abuse, to file a motion to dismiss the case within another relatively short time frame. Because of these strict time periods, which indicate that the issue is a threshold matter, the motion to dismiss a Chapter 7 case as abusive cannot be filed at any other time during the bankruptcy proceedings. Moreover, the U.S. Trustee is directed to apply the statutory means test and, if a presumption of abuse is created, to file the motion to dismiss or explain his decision not to. In contrast, under the dismissal provision in Chapter 11 proceedings, parties may bring an action to dismiss for "cause" under § 1112(b) throughout the bankruptcy proceedings, and the circumstances or events that constitute "cause" may arise at any time.

*Id.* at 289-90.

The Committee argues that the Fourth Circuit's comments above, distinguishing a § 707(b) motion to dismiss from a § 1112(b) motion to dismiss, are only dicta. Nevertheless, the Court finds these statements persuasive here, particularly in light of the Court's own analysis and

conclusion that the Bankruptcy Court's Denial Order is not a final order.[3] *See In re Jartran, Inc.*, 886 F.2d 859, 863-64 (7th Cir. 1989) (concluding order denying motion to dismiss under § 1112(b) was not final, appealable order); *In re N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377-79 (9th Cir. 1985) (same); *Comm 2013 CCRE12 Crossing Mall Road, LLC v. Tara Retail Group, LLC*, No. 1:17CV67, 2017 WL 2837015 (N.D. W. Va. June 30, 2017) (same); *but see In re Brown*, 916 F.2d 120 (3d Cir. 1990) (concluding order denying motion to dismiss under § 1112(b) was final, appealable order).

### B. The Court Denies Leave For the Committee To Appeal the Bankruptcy Court's Denial Order

In the alternative, the Committee asks the Court to exercise its discretion and grant it leave to appeal the Bankruptcy Court's Denial Order under 28 U.S.C. § 158(a)(3). Pursuant to 28 U.S.C. § 158(a)(3), this Court may exercise its discretion to hear an interlocutory appeal. *See* 28 U.S.C. § 158(a)(3). Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *See* 28 U.S.C. § 158(c)(2). Thus, district courts look to 28 U.S.C. § 1292(b), and appellate courts interpreting this statutory provision, when exercising their discretion under section 158(a)(3). *See, e.g.*, *In re Biltmore Invs., Ltd.*, 538 B.R. 706, 710–11 (W.D.N.C. 2015); *Charlotte Com. Grp., Inc. v. Fleet Nat'l Bank*, No. 01- 52684C-11W, 2003 WL 1790882, at *1 (M.D.N.C. Mar. 13, 2003); *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D. Va. 2000).

---

[3] In fact, based on recent filings it appears the Committee may now concede that the Bankruptcy Court's Denial Order is not a final, appealable order. *See* Doc. No. 14-1 (explaining statements made by the Committee in recent filings in the Bankruptcy Court indicating that the Bankruptcy Court's denial of a motion to dismiss is interlocutory). However, given the Court's own analysis and conclusion, the Court need not consider or otherwise give weight to the Committee's potential change in position.

Under 28 U.S.C. § 1292(b), leave to file an interlocutory appeal should be granted only when (1) the order to be appealed involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Biltmore Invs., Ltd.*, 538 B.R. at 711; *MacGregor v. Sink, Tr. for Duncan Morgan, LLC*, No. 5:20-CV-210-BO, 2020 WL 3549990, at *2 (E.D.N.C. June 30, 2020). "In seeking leave to appeal an interlocutory order or decision [of the Bankruptcy Court], the appellant must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Robinson*, No. 1:10-cv-226, 2011 WL 1695914, at *3 (W.D.N.C. May 3, 2011) (quoting *KPMG Peat Marwick, L.L.P.*, 250 B.R. at 78). As to the first factor, courts in the Fourth Circuit have described a "controlling question of law" as a "narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *KPMG Peat Marwick, L.L.P.*, 250 B.R. at 78 (quoting *Fannin v. CSX Transp. Inc.*, 873 F.2d 1438 (4th Cir.1989)).

Courts in the Fourth Circuit apply a two-prong test when considering requests to dismiss a bankruptcy case under 11 U.S.C. § 1112(b). *Carolin Corp. v. Miller,* 886 F.2d 693 (4th Cir. 1989). Under *Carolin*, to dismiss the case as a bad faith filing, the court must find (1) objective futility; and (2) subjective bad faith. *Id.* at 700-01. This remains the test today. *In re Bestwall LLC*, 71 F.4th 168, 182 (4th Cir. 2023). The Committee argues that the fact pattern raised by the Debtor's bankruptcy case is different than the facts in *Carolin* and the Fourth Circuit should "have the opportunity to revisit the applicability of the *Carolin* standard," in light of changing bankruptcy practices and recent cases dismissing bankruptcy proceedings with similar fact patterns – albeit not applying the *Carolin* test and in different circuits. Doc. No. 12 at 2; *see In re LTL Mgmt., LLC*,

64 F.4th 84, 92 (3d Cir. 2023); *In re: Aearo Techs. LLC*, No. 22-02890-93-JJG-11, 2023 WL 3938436 (Bankr. S.D. Ind. June 9, 2023). As those courts, and the Fourth Circuit recently acknowledged in another appeal involving the same Debtor, the Fourth Circuit "applies a more comprehensive standard to a request for dismissal of a bankruptcy petition for lack of good faith; that is, the complaining party must show both 'subjective bad faith' and the 'objective futility of any possible reorganization.'"[4] *In re Bestwall LLC*, 71 F.4th 168, 182 (4th Cir. 2023) (quoting *In re LTL Mgmt., LLC*, 64 F.4th at 98 n.8)).

The Bankruptcy Court applied *Carolin*, the binding law in this Circuit, to the facts here. Thus, an appeal of the Bankruptcy Court's Denial Order does not involve a controlling question of pure law – the controlling question of law was decided in *Carolin*. Instead, the Bankruptcy Court applied the law in the Fourth Circuit and concluded the Debtor's bankruptcy case is not objectively futile – a factual question. If this Court were to grant leave to appeal and consider the Committee's appeal, it would be asked to either (a) adopt a new standard in the Fourth Circuit, in conflict with the "comprehensive standard" adopted by the Fourth's Circuit in *Carolin* – which the Court will not do given the law in the Fourth Circuit, or (b) consider whether the Bankruptcy Court correctly concluded the Debtor's bankruptcy case is not objectively futile – a factual issue. In addition, if the Court affirmed the Bankruptcy Court, resolution of the appeal would not be completely dispositive of the bankruptcy case, in either a legal or practical matter. The Bankruptcy Case would continue towards plan confirmation or other resolution. For these same reasons, there is not substantial ground for difference of opinion of the test to use when considering motions to dismiss under section 1112(b) in the Fourth Circuit.

---

[4] The Fourth Circuit denied the petitions for rehearing *en banc* of the decision in *In re Bestwall LLC*, 71 F.4th 168 (4th Cir. 2023). *See* Case No. 3:20-cv-103-RJC, Doc. No. 20.

The Committee must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing appellate review. *In re Robinson*, 2011 WL 1695914, at *3. The Committee has not done that here where the Bankruptcy Court applied binding law set forth by the Fourth Circuit, and noted that the Committee will have a chance to challenge the Debtor's good faith – something the Committee is apparently eager to do[5] – at plan confirmation. Doc. No. 1-1 at 7. This Court's conclusion that the Committee has not demonstrated such exceptional circumstances is bolstered by the Fourth Circuit's own decision to deny certification of direct appeal after certification by the Bankruptcy Court. Accordingly, the Court denies leave for the Committee to appeal the Bankruptcy Court's Denial Order.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Motion of Debtor Bestwall LLC for Leave to File Statement Regarding the Official Committee of Asbestos Claimants' Change in Position of Finality of Appealed Order (Doc. No. 14) is **DENIED as moot**;

2. The Motion of the Official Committee of Asbestos Claimants for Leave to Appeal the Order Denying Dismissal (Doc. No. 2) is **DENIED**; and

3. This appeal is **DISMISSED**.

---

[5] If the Committee seriously wishes to challenge the Debtor's good faith and may be able to do so in a different context at plan confirmation, then, as noted by the Fourth Circuit, "[i]t is not clear why Claimant Representatives' counsel have relentlessly attempted to circumvent the bankruptcy proceeding." *In re Bestwall*, 71 F.4th at 183-84.

The Clerk of Court is directed to close this case.

**SO ORDERED**.

November 6, 2023

Robert J. Conrad, Jr.
United States District Judge